### Wm. Hough v. Thomas A. Collins.

70   661
176s  188

1. Mechanics' Liens—*Contracts Made with a Third Person.*—If the owner of land authorizes a third person to have a building erected thereon, he makes his land liable to the lien of the mechanics for labor and material furnished.

Mechanic's Lien.—Appeal from the Circuit Court of Cook County; the Hon. Elbridge Hanecy, Judge, presiding. Heard in this court at the March term, 1897. Affirmed. Opinion filed July 26, 1897.

Samuel J. Howe and Charles Pickler, attorneys for appellant.

SULLIVAN & McARDLE, attorneys for appellee.

MR. JUSTICE SEARS DELIVERED THE OPINION OF THE COURT.

This is a proceeding to enforce a mechanic's lien. The petitioner, Collins, filed his claim as an original contractor against Hough as owner. Hough was owner, but had entered into an anomalous contract with a Doctor Dorn and his wife, copartners under the firm name of C. E. Dorn & Co., in relation to the remodeling of the building in question.

Two contracts were signed by Collins, one with C. E. Dorn & Co., wherein they are described as owners, Exhibit "D," and another with Hough, Exhibit "1." One of the questions of fact presented by the record is as to which of these contracts was the one under which Collins performed his work.

Appellant contends that the contract between Hough and C. E. Dorn & Co. was, in effect, a building contract; that C. E. Dorn & Co. were the original contractors; that Collins was a sub-contractor only; that he operated under the contract, Exhibit "D," as a sub-contractor with C. E. Dorn & Co. as original contractors; that the contract between Collins and Hough, Exhibit "1," was never executed by Hough; and that the claim of Collins as an original contractor is without foundation. To this we can not assent.

The contract of Hough and C. E. Dorn & Co. is in substance as follows:

"Agreement, dated January 10, 1894, between William Hough, first party, and C. E. Dorn & Co., second party, witnesses, in consideration of $1 and mutual promises, that second parties profess to be general contractors, and acknowledge to have examined and fully comprehended the accompanying plans and specifications made by DeWitt Taylor Kennard, as architect, and agree to furnish all material and labor necessary to remodel and complete the interior of (building described in bill) for first party according to said plans and specifications, and deliver same

Hough v. Collins.

completely finished in every respect to the acceptance of said architect by April 15, 1894, or forfeit $10 for each and every day that may expire between the said time and the time of completion.   And in consideration of the full and faithful performance of this contract by second parties, the first party agrees to pay to second parties the actual cost, to wit, a sum equal to the actual cost of the labor and material furnished as above by second party, in installments as the work progresses, on the architect's estimate, holding back fifteen per cent until the final completion and acceptance of the work by said architect, etc.   Time shall be of the essence of this contract."

This contract, whatever name be given it is, in effect, simply an arrangement by which Hough attempts, through C. E. Dorn & Co., to accomplish the remodeling of his building, using them to superintend the details and to act as his paymasters in expending his money.   It has not the essential characteristics of a genuine builder's contract. C. E. Dorn & Co. do not undertake to remodel at any given price.   They are to receive only the cost of the remodeling. In effect they are to supervise the work, and Hough is to pay what the work actually costs.   To call Dorn & Co. the managers or superintendents of Hough, would be perfectly consistent with the spirit of the contract; nor does the mere calling them contractors at all change their real relationship.   It is true that the contract does contain covenants that Hough is to furnish the money only upon architect's certificates, that a *per diem* penalty shall follow failure to complete within given time, and that certain percentages may be withheld; but the coloring given by such provisions is not conclusive to stamp it as a builder's contract, and the entire absence of any consideration for the undertaking of Dorn & Co. is inconsistent with such conclusion.

It is shown that Dorn & Co. were the agents of Hough for the collection of rents.

Whether this contract be regarded merely as an oddity in the way of an agency contract, or as a subterfuge to avoid liens, matters not.   The result is in law the same.   Hough

attempted through a third party to make contracts for the remodeling of his building. The cause comes within the reasoning of Paulsen v. Manske et al., 126 Ill. 72, wherein the court say: "It may be difficult to define the exact legal relations existing between these parties, but it is evident that Paulsen was authorized and empowered by the Browns to erect a row of buildings upon the lot, and they were practically to furnish the money. * * * It can make no difference that the contracts for labor and material were signed by Paulsen alone. He was, in fact, acting for and in behalf of the Browns, and they can not be permitted to receive the benefit and escape the liability of the mechanic's lien attaching to their interests."

The test suggested by this decision would seem to be the paying by the owner—whether he pay in a sum, limited by the contract, to the contractor, or in such sums only as become due to laborers and material men, whether the payments be made directly or indirectly. In this case Hough was not protected beyond a limited sum, fixed by a builder's contract, but was to pay all costs of remodeling, of which the claim of appellee is a part.

If as such third party, through whom Hough was attempting to operate, Dorn & Co. were his agents, it matters not at all whether the work was done under the contract with them (Hough being their undisclosed principal) or under the contract with Hough, which Dorn & Co. had power to make for him.

The merit of the case and the law are with the appellee. The decree is affirmed.